Per Curiam.
The matter indicted was not ah offence at common law, but made so by the act of 21st March, 1806,4 Sm. L. 324, which prescribes the manner in which it'shall be punished. The expressions are, that “ it shall be deemed a misdemeanor in office, and punishable in the manner prescribed in the 23d section of an act entitled, “ an act to raise and collect county rates and levies, passed the 11th oí April., 1799.” On turning to thelastmentioned act, we find, that if any commissioner shall neglect or refuse to do his duty in office, he shall on conviction in the Court of Quarter Sessions of the proper county, be fined in a sum not exceeding one hundred dollars, &c. It would seem clear, therefore, that no court but that of the Quarter Sessions had jurisdiction; because when a statute creates an offence, and prescribes the punishment, and the court in which it shall be prosecuted, the direction of the act must be pursued in toto. The manner in which the offence is punished, includes, both thé punishment, and the mode of bringing the offender to punishment. But the counsel for the commonwealth contends, that the Mayor’s Court had jurisdiction, because, by the 19th section of the act for incorporating the city of Philadelphia, passed the 11th March, 1789, the Mayor, Recorder, and Aldermen have all the jurisdiction within the city, which the *419 justices of Court of the Quarter Sessions, of any county, have within the county. If this had been an indictable offence, when the act for incorporating the city was passed, the Mayor’s Court might perhaps have had jurisdiction, But that was not the case. The- offence was created subsequently, and the act by which it was created having confined the prosecutions to the Quarter Sessions, the Mayor’s Court was excluded. And there was good reason for the exclusion, The commissioners being employed in official business, through the whole county, (and of course often out of the limits of the city,) it was proper that their conduct should be investigated, in a court whose jurisdiction was co-extensive with the county. It is the opinion of the court therefore, that the judgment should be arrested, because the Mayor’s Court had no jurisdiction.
Judgment arrested.